```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

MARY ROLL,

                  Plaintiff,                    MEMORANDUM & ORDER
                                                20-CV-1090(EK)(AKT)
          -against-

JPMORGAN CHASE & CO.,

                  Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Mary Roll filed this state-law action in the Supreme Court of New York, Suffolk County against JPMorgan Chase & Co. for injuries she sustained on a sidewalk outside one of its operations. On February 27, 2020, another entity, JPMorgan Chase Bank, N.A. (the "Bank"), filed a notice of removal pursuant to 28 U.S.C. §§ 1441-1455. Plaintiff moves to remand the case to state court under 28 U.S.C. § 1447(c). As explained below, Plaintiff's motion is granted.

## I. Analysis

Federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the suit is between "citizens of different states." 28 U.S.C. § 1332. Section 1332 requires "complete diversity," meaning that "all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch.*

1

*Emps.' Retirement Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014).

The named parties here are both New York citizens. Plaintiff lives in Suffolk County, New York, *see* Compl. ¶ 1, ECF No. 1-1, and JPMorgan Chase & Co. is a "foreign business corporation" headquartered in New York City, *see* NYS Dep't of State Corporate Search at 2-3, ECF No. 5-3 (listing JPMorgan Chase & Co.'s "Principal Executive Office" in New York); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

JPMorgan Chase Bank, N.A. (the removing entity) claims complete diversity exists because its own citizenship in Ohio is the only one that matters. According to the Bank, JPMorgan Chase & Co. is the wrong defendant because the Bank is the entity that leases the premises at issue. *See* Lease Agreement at 84-87,[1] ECF No. 8-1 (tenant "JPMorgan Chase Bank, National Association" agreeing to extend the lease for "5499 Nesconset Highway"). For this reason, the Bank argues that JPMorgan Chase & Co. is a "nominal" party whose New York citizenship does not

---

[1] This citation refers to the pagination on ECF, not the pagination of the original documents themselves.

2

count for purposes of complete diversity.  Cf. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458 (1980) (courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy").

This argument mischaracterizes the governing law.  The Bank's status as an Ohio citizen is irrelevant because the Bank is not a party to this litigation.  Cf. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) (removal is proper "if there is complete diversity between all *named* plaintiffs and all *named* defendants") (emphasis added).  "[I]ntervention is the requisite method for a nonparty to become a party to a lawsuit."  See *U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).  The Bank did not intervene here, and it cannot substitute itself for the named defendant through a removal notice.  See *Jana Master Fund, Ltd. v. JP Morgan Chase & Co.*, 490 F. Supp. 2d 325, 331 (S.D.N.Y. 2007) (remanding for lack of federal-question jurisdiction under the Edge Act, 12 U.S.C. §§ 611-633, because the removing entity — "Chase N.A." — was not a "defendant" and "provided no support" for its attempt to "not only . . . overlook [defendant] Chase & Co.'s presence in [the] action, but also to substitute Chase N.A." for the named defendant which it claimed was "errantly" sued).  Even if JPMorgan Chase & Co. were a "nominal" party within the meaning of *Navarro*, there is no other defendant on which to base

3

diversity jurisdiction.  Thus, *Navarro* does not require a different outcome.

## II.  Conclusion

The parties to this litigation are plaintiff Mary Roll and defendant JPMorgan Chase & Co.  These parties are not diverse, so the Court lacks subject-matter jurisdiction over this action.  Plaintiff's motion to remand the case to state court is therefore granted.

SO ORDERED.

```
                              s/ Eric Komitee_____
                              ERIC KOMITEE
                              United States District Judge
```

Dated:    November 6, 2020
          Brooklyn, New York

4